## COMPLIANCE WITH THE CONDITIONS OF A WRITTEN CONTRACT PRECEDENT TO RECOVERY.

Court of Appeals for Lucas County.

THE NORTHERN ASSURANCE COMPANY v. FRANK F. KEHOE.

Decided, June 2, 1913.

*Insurance—Denial by an Adjuster of Liability for Loss by Fire—Not a Waiver of the Requirement as to Proofs of Loss, etc., When—Evidence of a High Character Required to Brush Aside Conditions of a Contract.*

In the absence of evidence that an insurance adjuster had authority from the company to deny liability on the policy in suit, the fact of such denial by an adjuster on the ground that the insured had himself caused the fire does not amount to a waiver of conditions of the policy and particularly of those relating to appraisement of loss and the making of proofs of loss.

*J. W. Mooney* and *Doyle & Lewis,* for plaintiff.
*B. F. Ritchie* and *J. H. Doyle,* contra.

KINKADE, J.; RICHARDS, J., and CHITTENDEN, J., concur.

The action below was based upon a policy of fire insurance. The plaintiff claimed a total loss of the property covered by the policy, stating the value of the property destroyed by fire at $2,718, and prayed a judgment for $2,000, the amount of the policy. To the petition as filed was attached a copy of the insurance policy, and the insured averred in the petition that he had performed all the terms and conditions of the policy to be by him kept and performed. The assurance company answered setting up numerous conditions of the policy and alleging the violation of each of the conditions set forth and denying all liability. In the reply the insured reaffirmed in general terms that he had complied with all the terms of the policy and then set forth in detail a specific compliance with the various conditions of the policy alleged by defendant to have been violated. Later an

amendment and supplement to the reply was filed in which the plaintiff averred that the assurance company subsequent to the fire denied all liability. Thereafter an amended petition was filed by the insured in which various conditions of the policy are set forth showing the grounds on which the policy might become void, and these portions of the amended petition are followed by the statement "for a more particular description of each and every item of the terms and conditions of said policy aforesaid, plaintiff hereby refers to said policy attached to the petition filed herein." Following the clause quoted, the amended petition states the averment that the insured had not violated any of the conditions set forth in the amended petition as being in the policy, and that none of the things as described in the amended petition existed at the time of the fire which would avoid the policy, and following this the amended petition contains the following statement:

"Immediately after said fire said plaintiff notified said defendant of said loss and thereupon said defendant denied any and all liability to said plaintiff for the loss by him incurred as aforesaid, and charged and alleged that said fire had been occasioned by his own act."

The assurance company filed an answer to the amended petition, setting forth various conditions and provisions of the policy of insurance and stating particularly with respect to each that there had been a violation thereof by the insured. The reply denied the allegations of the answer to the amended petition. At the close of the plaintiff's evidence the defendant moved the court for a directed verdict in its favor, which was overruled and exception noted and at the close of all the evidence, this motion was renewed by the defendant, again overruled and exception saved. The jury returned a verdict in favor of plaintiff for $1,293.80. The motion for new trial was made and overruled and judgment entered on the verdict.

It is not contended here that the plaintiff below complied with all the provisions and conditions of the insurance policy to be kept and performed by him, but the contention is that in so far as he did not comply with the provisions of the policy as he

stated in his amended petition, the terms and conditions of the policy were waived by the company by its denial of liability.

Stating the evidence as favorably as it can be stated for plaintiff below on the subject of the denial of liability by the company, it amounts to this and only this: that the adjuster who came to adjust the loss after the fire stated to the plaintiff that the company was not liable and would not pay and assigned as a reason for the non-liability that the plaintiff himself had caused the fire that destroyed the property. No claim. is made by plaintiff that any one representing the company other than the adjuster made any statement in the nature of a denial of liability; and no claim is made that this denial of liability was in writing nor is it claimed that any waiver of any provision or condition of the company was ever endorsed upon the policy. The adjuster was called as a witness for the company and denied having made the statements attributed to him by. the insured. The defendant contended below and contends here that even conceding that the statements were made by the adjuster at the time and in the form and under the circumstances stated and claimed by the insured, that still they did not amount to a denial of liability by the company for the reason that there was no evidence to show that the adjuster had any authority from the company to deny its liability on the policy, and no authority to waive any of the conditions of the policy, and that this being true, that which was stated by the adjuster could in no event be held as sufficient to waive the provisions of the policy, several of which the company claimed had been violated by the insured and particularly the provisions of the policy with respect to appraisement of the damage and proofs of loss. On the other hand the insured contends that under the clause quoted from the amended petition and the evidence produced in support of it, which was as I have stated, the company waived all provisions of the policy not performed by the insured and particularly that it waived the provisions of the policy with respect to appraisement and ascertainment of the loss and the making of proofs of loss within the time required by the policy.

To state that one who relies for a right of recovery upon a written contract must show that he has himself complied with

the conditions precedent to a recovery stated in the contract, or he must show that the performance of those conditions has been waived is but to state an elementary proposition of law familiar to all lawyers and the courts. It has been definitely and plainly laid down, not only by our own Supreme Court, but by the Supreme Court of the United States and most every inferior court so many times that it certainly ought to be understood, but for some unaccountable reason these principles appear to be regarded as not applicable to certain kinds of written contracts, particularly building contracts and contracts of insurance, and hence it is found necessary to keep re-stating what the law is in this respect or to at least cite cases where it may be found.

The policy of insurance in question contained the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof which are hereby specially referred to, and made a part of this policy, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value; with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate,

and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.

"In any matter relating to this insurance no person, unless duly authorized in writing, shall be deemed the agent of this company.

."If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all encumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged; and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

Our own Supreme Court in the case of *Ashley* v. *Henahan*, 56 O. S., 559, in speaking of an attempted waiver of the terms of a witten contract, used this language in the fifth paragraph of the syllabus:

"Such stipulation being for the benefit of the employer, proof of a waiver must either be in writing or by such clear and concise evidence as to leave no reasonable doubt about it."

And on page 573 of the opinion, the court used this language:

"We suppose the law to be that the contract must control unless its provisions have been clearly waived. Some of the authorities maintain that there must be an express waiver; and all agree, or should agree, that nothing short of evidence of the most satisfactory character should be permitted to brush aside a contract which the parties have deliberately made. They have determined that certain things shall be proved only by written evidence. To that extent that is the law of this case. It is the duty of the court to enforce that law unless it appears that the parties have abrogated it. Has it been thus abrogated? If the owner has intentionally relinquished a known right, the plaintiff should be able to show it either in express terms or by acts and conduct equivalent thereto. Equivocal conduct or conduct of doubtful import is not sufficient." (Cite authorities.)

The language of our Supreme Court in the case just cited is quite as applicable to an insurance policy as it is to a building contract. Almost every provision and condition in the standard form of fire insurance policies has been before our Supreme Court for consideration. We call attention to the following authorities, to-wit:

*Union Central Life Insurance Co.* v. *Hook,* 62 O. S., 256, paragraph one of the syllabus:

"1. In an action to recover on a written contract for life insurance and upon an alleged subsequent verbal modification of the same, statements and representations made by the agent who solicited the policy, prior to and contemporaneous with the issue of the policy, are inadmissible to vary, in any respect, the terms of the written policy. In the absence of proof of fraud or mistake, such statements and representations are merged in the written contract."

*Eureka Fire & Marine Insurance Co. et al* v. *Baldwin,* 62 O. S., 368, paragraphs one and three of the syllabus:

"1. Where a party avers that he has performed all the conditions of a contract to be by him performed, his proofs upon the trial must show such performance in order to entitle him to a recovery. Under such an averment it is not competent to prove a waiver of such conditions. If the waiver of conditions is relied upon, such waiver must be averred in the pleadings.

"3. The power of an agent to waive conditions in a policy of fire insurance is not different from the same power in life insurance. As to such power, *Union Central Life Insurance Co.* v. *Hook*, 62 Ohio St., 256, is followed and approved.

*Ohio Farmers' Insurance Company* v. *Titus*, 82 O. S., 161, first paragraph of the syllabus:

"1. An insurance company can not be deemed to have waived a condition in a policy of fire insurance rendering it void. 'If the subject of insurance or any part thereof, or the real estate or any part thereof described in the application as that on which any building insured herein is situated now is, or shall hereafter be incumbered by mortgage or otherwise' unless by agreement endorsed hereon, or added hereto, simply because its agent had notice or knowledge of the existence of a mortgage incumbrance and received premiums, when an agreement as to such mortgage was not endorsed on the policy and where such policy also provided that 'No officer, agent or adjuster or other representative shall have power to waive or alter any of the provisions or conditions of this policy, except such as by the terms of this policy are made subject of an agreement endorsed hereon or added hereto and as to such provisions or conditions, such waiver or alteration, if any, shall only be valid when actually endorsed hereon or added hereto by such officer, agent or adjuster; nor shall any permission or privilege affecting this insurance exist or be claimed by the insured unless so written, endorsed or attached.''

*Scottish Union & Nat. Ins. Co.* v. *Encampment Smelting Co.* 166 Federal, 231, paragraph one of the syllabus:

'1. *Insurance—Proof of Loss—Requirements of Policy—Waiver.*—Where a policy of fire insurance expressly provided that in case of loss a written and verified proof of loss should be made by the insured containing certain stated and detailed information, such proof of loss is an essential condition precedent to the company's liability unless waived; and where it further provided that no officer, agent, or other representative of the company should have power to waive any of its conditions except in writing indorsed thereon or attached thereto, the failure to make such proof of loss is not excused by a claimed waiver, not in writing, by an agent of the company not shown to have any

express authority to make it and whose action was not ratified by the company.''

*Northern Assurance Company* v. *Grand View Building Association,* 183 United States Reports, 308, paragraph six of the syllabus:

''Contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and can not, by the courts at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts, and this principle is applicable to cases of insurance contracts.''

The precise question presented here was passed upon by this court in the case of *Billings* v. *National Insurance Co.,* 17 Circuit Decisions, 27 C. C., page 582. This court there decided that statements made by an adjuster sent by the company to adjust the loss could not be held to operate as a waiver of any of the conditions of the policy, and cited numerous authorities in support of the position then taken. The question presented in that case had been fully argued in the court of common pleas, and the opinion of the trial judge (Judge Morris) with many authorities cited is found in Volume 14 Ohio Decisions N. P., page 387.

After a very full examination of all the authorities presented for our consideration, we see no reason to modify the position taken by this court in the case of *Billings* v. *National Insurance Company,* cited. We are clearly of the opinion that the evidence produced by plaintiff below in support of the claim of denial of liability by the company was insufficient to show any such denial by the company as would amount to a waiver of any of the conditions, and provisions of the policy, and this being true, it follows that the motion of the defendant below for a directed verdict in its favor should have been granted.

The judgment of the court of common pleas will be reversed and the judgment that should have been entered by that court will be entered here, dismissing the action at the costs of the defendant in error.